**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Joseph T. MARZEC, Defendant-Appellant.**

**No. 11979.**

United States Court of Appeals
Seventh Circuit.

Dec. 13, 1957.

Joseph A. Struett, Gerald M. Chapman, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., Albert F. Manion, Asst. U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., of counsel, for the United States.

Before DUFFY, Chief Judge, and SCHNACKENBERG and PARKINSON, Circuit Judges.

PARKINSON, Circuit Judge.

This is an appeal from a judgment entered on a jury verdict finding the de-

fendant Joseph T. Marzec guilty of income tax evasion.

In his summation to the jury, counsel for the defendant, Mr. Joseph A. Struett, said:

"There isn't any question in this case and never has been that Mr. Marzec is guilty in the sense that he failed to report his income in the years in question in the amounts he should have at the time he should have.

"I couldn't argue conscientiously to you people otherwise. He has told the Government that and he has admitted it to me and I am not going to deceive you.",

and in his brief he informs this court that:

"Marzec certainly is not without culpability herein and in a sense is guilty in that he did not report his true taxable income for these years nor pay taxes thereon."

However, defendant contends that he was subjected to abuse and misuse of the administrative and judicial processes in the bringing about of his conviction and sentence.

On December 15, 1955, an indictment in eight counts was returned against Frank A. Brandt, Stanley T. Kusper, Bruno J. Sobieraj and the defendant charging them with a violation of Title 26 U.S.C.A. § 145(b) in failing to report their respective shares of the proceeds of a joint venture for the years 1949 and 1950. Counts 1 and 2 so charged Brandt, Counts 3 and 4 Kusper, Counts 5 and 6 Sobieraj and Counts 7 and 8 Marzec.

The defendant contends that he had an equitable right to immunity and it was reversible error for the trial judge to have refused to recognize and protect that right by not continuing his trial date pending executive clemency or dismissal.

■■ There are many reasons why this contention is entirely without merit. First and foremost is the fact that even if there did exist the doctrine of common

law approvement in our federal court system as the result of the Supreme Court's decision in the In re Whiskey Cases, 1879, 99 U.S. 594, 25 L.Ed. 399, the enactment of the Federal Probation Act has, for all practical purposes, abolished the doctrine. King v. United States, 8 Cir., 1953, 203 F.2d 525. Secondly, there was no evidence of any promise of immunity to Marzec. To the contrary the testimony of Robert Klenha, a Special Agent in the Intelligence Division of the Internal Revenue Service, was as follows:

"This is the instrument that I was particularly concerned about. The form it was in and the implications of the tender caused me to tell Mr. Struett and Mr. Marzec that I could not accept any of these things on behalf of the Revenue Service with any conditions or any strings attached to it; that I couldn't accept this as absolving Mr. Marzec of any responsibility or liability that he was open to.

"I also offered to accept these for what they were worth, but again with that condition that we would not be bound in any manner by way of a grant of immunity or extending a hope of reward to Mr. Marzec.

"I believe I did not put it in quite that language, I repeated myself a number of times that I could not accept these with any strings attached; and Mr. Struett kept tendering these to me, and I kept handing them back to him. I believe that it was a cause for some particular comment later on, the way we handed these instruments back and forth between Mr. Struett and myself."

■ Thirdly, the indictment was returned on December 15, 1955. The cause was assigned for trial on January 9, 1957, over a year after the return of the indictment, and on December 5, 1956 the cause was continued to and reassigned for trial on February 4, 1957 by agreement of counsel for the parties. If Marzec was sincere in his claim to an

equitable right of immunity he had many months prior to trial to move in that direction and yet he did absolutely nothing. It is, therefore, crystal clear that under no circumstances can Marzec contend that he had an equitable right to immunity.

■■ This court has repeatedly held that the trial court's action on an application for a continuance is purely a matter of discretion and not subject to review unless it is clearly shown that the discretion has been abused. United States v. Yager, 7 Cir., 1955, 220 F.2d 795. This record shows no abuse of discretion whatsoever in fact the showing is entirely to the contrary. This is dispositive of the second contention of the defendant that "the trial judge committed reversible error when he denied Marzec's motion to continue his trial to permit the filing of preliminary motions, a determination thereof, and, if necessary, preparation for trial, but rather forced Marzec to trial with full knowledge that his counsel was unprepared and denied Marzec his constitutional rights." It is difficult for us to understand how such a theory can be advanced in face of the record in this case showing that it was pending for more than a year between the return of the indictment and the trial and also showing the assignment for trial by agreement of counsel for the parties two months prior to the trial date.

■ The defendant urges upon us the proposition that a defendant is entitled to a fair trial irrespective of his guilt or innocence. It is undebatable that every party litigant is entitled to a fair trial. However, the defendant contends that the trial judge failed to maintain a fair and impartial attitude during the trial; that he improperly limited defense counsel's cross-examination of government witnesses; that he improperly admitted and refused to strike Worcester's testimony and computations which were false and legally indefensible; that he erroneously excluded Marzec's evidence refuting wilful intent though the United States Attorney had opened the subject on cross-examination and "erred in failing to give instructions on behalf of Marzec but most erroneously instructed the jury."

The defendant sets out in his brief some excerpts of the record in an attempt to substantiate these contentions. One such, as an illustration, appears on page 45 of his brief. It is as follows:

"By the Court: Any further cross-examination of this witness?

"By Mr. Struett: What?

"By the Court: Any further cross-examination?"

Immediately following the brief says:

"This counsel had hardly begun his cross-examination."

When read in context the record shows that counsel for the defendant then proceeded with his cross-examination and continued until the afternoon adjournment and then continued the following morning with extensive cross-examination. This is characteristic of the other excerpts quoted and when they are likewise read in context there is no indication whatsoever that this defendant was denied any of his rights to a fair trial. He was permitted to fully cross-examine the government witnesses and, in our opinion, the trial court committed no reversible error in its ruling on the evidence.

■ At the conclusion of all the evidence and after the trial court had heard argument on certain motions of the defendant and ruled thereon, a conference was held between the Court and counsel on the matter of instructions. The defendant had tendered no instructions and counsel for the defendant informed the Court that:

"I have been over your instructions, they are fair. There isn't any question about it. I have no objection to them, they are all proper, so forth and so on."

If the defendant desired to tender any instructions it was his duty to do so at the close of the evidence. Rule 30 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. He completely failed to do so and informed the court that he had

been over the court's instructions; that they were fair, and had no objection to them. There is no merit to the contention of the defendant that the court erred in failing to give instructions on his behalf or that it erroneously instructed the jury.

The defendant asserts that the United States Attorney introduced false testimony against him; that the United States Attorney's conduct was unconscionable and the government should have been required to produce evidence that was in its files favorable to the defendant. The record does not support these assertions but demonstrates just the contrary.

The defendant finally contends that he was entitled to a judgment of acquittal because the government failed to prove a tax due, and that "these proceedings against Marzec constitute a flagrant denial of due process and are so repulsive to a due and proper administration of our Revenue Laws and criminal justice as administered by our Federal Courts, that no conviction of Marzec should be permitted to stand."

The defendant's evidence alone proved that he was guilty. His counsel informed the jury in his closing argument that he was guilty and the defendant has filed a brief in this court so informing us. Upon what theory he can contend that he was entitled to a judgment of acquittal because the government failed to prove a tax due is beyond our comprehension.

The defendant's charge that he was subjected "to a hurry-up rush trial with his counsel unprepared and not well" is entirely without foundation. As we have already pointed out this cause was pending some fourteen months between the return of the indictment and the trial and on December 5, 1956, by agreement, it was continued from January 9, 1957 and reassigned for trial on February 4, 1957. The trial commenced on Monday, February 4, 1957 and ran through Thursday, February 7, 1957 when, at the request of counsel for the defendant and after the government rested, it was adjourned to Monday, February 11, 1957 and went to the jury on Wednesday, February 13, 1957.

We have read the entire record in this case and in view of the course pursued by counsel for the defendant we are convinced that the trial judge was not unfair under the circumstances. We are likewise convinced that the defendant was afforded a fair trial and was denied none of the rights guaranteed to him as a party litigant.

The judgment is

Affirmed.