**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Carbristo COLLINS, a/k/a Bris Collins, a/k/a Brisco Collins, Defendant-Appellant.**

**No. 17382.**

United States Court of Appeals, Seventh Circuit.

Nov. 13, 1970.

Certiorari Denied March 8, 1971.

See 91 S.Ct. 983.

Richard L. Manning, Chicago, Ill., for defendant-appellant.

Carbristo Collins, in pro. per.

Frank J. Violanti, U. S. Atty., Gregory M. Wilson, Asst. U. S. Atty., Springfield, Ill., Max J. Lipkin, Asst. U. S. Atty., Peoria, Ill., for plaintiff-appellee.

Before DUFFY and KNOCH, Senior Circuit Judges, and PELL, Circuit Judge.

DUFFY, Senior Circuit Judge.

Defendant was convicted of receiving and concealing a narcotic drug (Title 21, U.S.C. § 174) and of transferring a narcotic drug without an order (Title 26, U.S.C. § 4705(a)).

Counsel for defendant was appointed by the Court. The date of trial was set for June 18, 1968. On June 11, 1968, defendant's counsel moved for a continuance which was granted. The trial date was reset for September 17, 1968. On that date, counsel requested a second continuance alleging his inability to locate and interview two witnesses. He also claimed insufficient time to prepare for trial due to defendant's unavailability. The motion for a further continuance was denied, the Court stating that the defense had had adequate time (more than three months) to make adequate preparation. Appointed counsel then requested permission to withdraw from the case, alleging that he had not had sufficient time to fully prepare his defense. This motion was denied.

The issue before us is whether the District Court's denial of defendant's second motion for a continuance denied defendant the effective assistance of counsel guaranteed to him by the Fifth and Sixth Amendments to the United States Constitution.

■ We agree that if a request for delay in the date of a trial is justifiable, then expeditiousness should not be the ruling deterrent. Ungar v. Sarafite, 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964). However, the Ungar case also holds that in determining whether or not a denial of a continuance is arbitrary, "[t]he answer must be found in the circumstances of each case, particularly in the reasons presented to the trial judge." 376 U.S. at 589, 84 S.Ct. at 850.

Decisions on this point by this Court, both before and after the Ungar case are not inconsistent with that decision and have clearly held that a trial court's action on a motion for continuance is a matter of discretion and is not subject to review unless there is a clear showing of abuse of discretion or that a manifest injustice would result if the trial continued. See United States v. Jones, 369 F.2d 217 (7 Cir., 1966); United States v. Marzec, 249 F.2d 941 (7 Cir., 1957), cert. den. 356 U.S. 913, 78 S.Ct. 670, 2 L.Ed.2d 586; United States v. Cook, 184 F.2d 642 (7 Cir., 1950).

■ When defendant's attorney filed the first motion for a continuance on June 11, 1968, he stated that he must have more time to prepare a defense. He also stated he needed more time to take the depositions of several witnesses.

Defendant's attorney filed his second motion for a continuance on the morning of the day set for the trial. He asserted his inability to locate and interview two witnesses, and also commented on the lack of time to prepare for trial due to the defendant's unavailability. Defendant's counsel related to the Court that he had originally geared his time to prepare for trial in August, but that the defendant "was unavailable to me at that time due to the fact he was defending a case in the state courts of Michigan." In support of his motion, defense counsel stated that the defendant had to appear in Michigan "a minimum of eight times during the months of July and August" in connection with the Michigan charge against him.

With reference to the witnesses, defendant's attorney admitted that he knew the names and addresses of these witnesses a week before the trial. He gave no reason why he had not been able to locate them or, indeed, that he had tried to do so. Furthermore, there was no showing that defendant had been denied compulsory processs provided by Rule 17(b) and (f), Federal Rules of Criminal Procedure. Defendant's at-

torney did not make any showing that he attempted to locate these witnesses and had failed to do so. In arguing his motion, he did not attempt to show the relevance of their testimony. Furthermore, once the trial had begun and it appeared that the testimony of the two witnesses might be helpful, the District Judge offered to issue an order requiring the attendance of these witnesses. Defendant's attorney, at that time, abandoned his motion for the attendance of the two witnesses.

With reference to defendant's unavailability during the month of August, defendant himself admitted that he had not been absent from the city where the trial was held for a period of two weeks preceding September 17, the date when the trial commenced. And even considering that the defendant had been away for part of August, defense counsel still had part of June and all of July to interview his client.

The case at bar was an uncomplicated narcotics case. The trial thereof took but two days. No diligence was shown in attempting to have the witnesses in attendance at the trial. On the record before us, three and one-half months was certainly adequate time to prepare.

During the trial itself, defense counsel admittedly represented his client aggressively and with skill. There is no proof or indication of incompetence or ineffectiveness on his part.

We hold that the District Judge acted within his sound discretion in denying defendant's second motion for a continuance. In our view, defendant was not denied the effective assistance of counsel guaranteed to him under the Fifth and Sixth Amendments to the United States Constitution.

Mr. Richard S. Manning, a member of the Illinois Bar, served as court-appointed counsel in this appeal. The Court wishes to thank him for the very able and conscientious service which he rendered to his client.

The judgment of the District Court is Affirmed.