### UNITED STATES of America, Plaintiff-Appellee,

v.

### Douglas BRUGGER, Defendant-Appellant.

### No. 76–1665.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 7, 1976.

Decided Jan. 26, 1977.

ance with NFRA Flammable and Combustible Liquids Code (NFPA No. 30–1969).

Steven H. Nardulli, Federal Defender Program, Chicago, Ill., for defendant-appellant.

Samuel K. Skinner, U. S. Atty., Robert W. Tarun, Asst. U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before TONE and WOOD, Circuit Judges, and CAMPBELL, Senior District Judge.*

HARLINGTON WOOD, Jr., Circuit Judge.

The defendant raises two issues about the revocation of his probation, first claiming that he was denied his Sixth Amendment right to counsel by the trial court's denial of defendant's second motion for a continuance; and secondly that he was denied due process and his Fifth Amendment right to remain silent by his being required to defend himself at the probation revocation hearing prior to the trial of a state charge upon which the revocation hearing was also based.

In 1973 the defendant, after entering a plea of guilty to an indictment charging him with the distribution of amphetamine tablets in violation of Title 21, U.S.C., § 841(a)(1), was placed on probation for three years. In 1975 defendant's probation was revoked and he was sentenced to 18 months in the custody of the Attorney General, but upon the condition that he reside in the Community Treatment Center for six months, the execution of the balance of the sentence was suspended. Thereafter the defendant was indicted by the state in March, 1976, on a charge alleging that the defendant had made deliveries of marijuana in December, 1975, and January, 1976. On June 17, 1976, the Government filed a Motion for Rule to Show Cause Why Probation Should Not Be Revoked. This motion was based upon the same incidents as were alleged in the state charge. At that time notice was given to defendant that the motion was set for hearing on June 22, 1976. Defendant appeared at that time, counsel was appointed, and the matter was continued until June 23, 1976, the following day. On that day the defendant's counsel moved for a continuance of one week upon the basis of inadequate opportunity to prepare the defense. That motion was allowed and the cause was continued until June 30, 1976, the court making it plain that further continuances would not be allowed. However, at the appearance on June 23, 1976, some progress was made in simplifying the issues. The defendant advised the Government that his defense as to both allegations would be based on alibis. Certain stipula-

---

* Senior District Judge William J. Campbell of the United States District Court for the Northern District of Illinois is sitting by designation.

**4**

tions as to laboratory analysis and chain of custody of the substance alleged to have been delivered by the defendant were entered into. On June 30, 1976, at the time previously set for the hearing, counsel for the defendant again requested a further continuance on the basis of lack of time to prepare and on the additional basis of having other pressing matters. That motion was denied and the hearing proceeded.

## I.

■ We find no constitutional violation in the timing of the hearing. The motion for continuance made by the defense on June 23, 1976, requested a week. What was sought was allowed. On June 30, 1976, the defense again moved for a further continuance, injecting as a general additional basis "other pressing matters." Those matters were unrelated to this trial. The court had previously made it plain that no further continuances would be allowed. Factually, as the court noted, the probation revocation hearing was expected not to be and was not complicated.

In our judgment the defendant was not denied the effective assistance of counsel by being denied the second continuance. Defense counsel's representation of the defendant, as the transcript reveals, was above the minimum standard of professional representation in spite of the defendant's alleged insufficient time of one week within which to prepare. *United States ex rel. Williams v. Twomey*, 510 F.2d 634 (7th Cir. 1975), *cert. denied*, 423 U.S. 876, 96 S.Ct. 148, 46 L.Ed.2d 109. Under these circumstances we find no abuse of the trial court's discretion in denying a further continuance. *United States v. Collins*, 435 F.2d 698 (7th Cir. 1970), *cert. denied*, 401 U.S. 957, 91 S.Ct. 983, 28 L.Ed.2d 241 (1971).

## II.

As a part of the timing of the probation revocation hearing, it is also defendant's contention that, as a matter of due process and as a protection of defendant's Fifth Amendment rights, the federal hearing should have been deferred until after the disposition of the state charge which had precipitated the probation revocation hearing. Defendant argues that he could not present his side of the story at the revocation hearing as he had a right to do except at the sacrifice of his Fifth Amendment privileges upon which he had the right to rely in his subsequent state trial.

*Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), made applicable to probation revocation proceedings the parole due process requirements of *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Those requirements were met in this case. The defendant was given notice; counsel was appointed; adequate time to prepare under the circumstances was allowed; and a full evidentiary hearing was held resulting in the trial judge's findings and an order revoking probation.

Whether or not defendant chose to testify at the hearing, which he did not do, and thereby risk self-incrimination with respect to the subsequent state criminal trial based on the same incidents, was his choice alone to make. The considerations involved may have made it difficult, but the fact that the defendant had the decision to make did not constitute a constitutional violation. *Flint v. Mullen*, 499 F.2d 100 (1st Cir. 1974), *cert. denied*, 419 U.S. 1026, 95 S.Ct. 505, 42 L.Ed.2d 301 (1974).

The defendant relies in part on *Brooks v. Tennessee*, 406 U.S. 605, 606, 92 S.Ct. 1891, 32 L.Ed.2d 358 (1972), a case involving a state statute which required that a defendant in a criminal proceeding "desiring to testify shall do so before any other testimony for the defense is heard by the court." That requirement was held to violate the defendant's privilege against self-incrimination as it might penalize him for remaining silent at the beginning of his case by excluding him from testifying at any time during the balance of his case. The choice which that defendant had to make by statute in *Brooks* was not a decision similar to the one forced upon the defendant by the circumstances in the present case.

The defendant also relies on *Simmons v. United States,* 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968). In that case the Court held that a defendant's testimony in a pretrial hearing on a motion to suppress on Fourth Amendment grounds could not be used against him during the trial as it would constitute a violation of his Fifth Amendment privilege against self-incrimination. We do not believe that analogizing *Simmons* with the present case requires the federal court to defer to the state prosecution. Two different cases in different jurisdictions are involved with different decisions by the defendant to be considered in each. The defendant was free to make his own decisions in relation to the federal probation revocation hearing. The federal court need not be concerned with the decisions the defendant might face in a subsequent state prosecution.

There may, however, be times when it may be advisable, but not required, for a federal court, in the exercise of its discretion, to defer its probation revocation hearing until after the disposition of the state charge as is recommended by the American Bar Association Standards Relating to Probation,[1] which the defendant urges upon us. In the circumstances of this case we see no justification for requiring a federal court to permit its probationer to remain at large until at some indefinite future time the state court may dispose of its case against that probationer.

We affirm.

AFFIRMED.

---

1. American Bar Association Advisory Committee on Sentencing and Review, Standards Relating to Probation, Sec. 5.3, p. 62.