Deno A. **BREKKE**, Plaintiff-Appellant,

v.

Helen **MORROW**, et al.,
Defendants-Appellees.

No. 88–1012.

United States Court of Appeals,
Seventh Circuit.

Submitted Jan. 29, 1988.
Decided Feb. 9, 1988.

---

Deno A. Brekke, Waupun Correctional Institution, for plaintiff-appellant.

Before POSNER, COFFEY, and FLAUM, Circuit Judges.

POSNER, Circuit Judge.

The court on its own initiative asked the appellant, the plaintiff in a prisoner's civil rights case, why his appeal should not be dismissed because filed more than a month after the district court's judgment dismissing his complaint; no extension of time had been granted. See Fed.R.App.Proc. 4(a)(1), (5). In response, the appellant points out that the only "judgment" was an order denying his request to proceed in forma pauperis. The order states that the suit is groundless, and if so this is grounds not only for denying leave to proceed in forma pauperis, see 28 U.S.C. § 1915(d), but for dismissing the action. But the order does not purport to dismiss the action, nor is there any other order that purports to do so or the separate judgment required by Fed.R.Civ.P. 58.

 Our informal practice has been to treat such orders as final judgments for purposes of determining the time for taking an appeal, but recent decisions emphasizing the confusion that can result from failure to adhere to Rule 58, see, e.g., *Foremost Sales Promotions, Inc. v. Director, Bureau of Alcohol, Tobacco & Firearms,* 812 F.2d 1044 (7th Cir.1987) (per curiam), persuade us that the practice should be changed. By definition we are dealing with a class of cases (by no means limited to prisoner cases) in which the plaintiff claims to be indigent, and in virtually no case will he be represented by counsel. Consequently there is some potential for confusion if no Rule 58 judgment is entered. The plaintiff who sees that his motion for leave to proceed in forma pauperis has been denied may not realize the case is over. He may think that if despite his poverty he can scrape up the filing fee he can maintain the suit despite the district judge's low opinion of its merits. (The rules of the Northern District of Illinois provide that if a petition for leave to proceed in forma pauperis is denied, the clerk shall notify the petitioner of the amount of fees due, and if they are not paid within 15 days the clerk shall notify the judge who may then in his discretion dismiss the action. See N.D.Ill.Gen'l R. 11(d). The rule does not apply however to civil actions. See R. 11(c), (d).) Or he may think that he can amend his complaint. Or both. It would be helpful if the district court would make clear when it is dismissing the action and not merely turning down a request for waiver of fees.

Alternatively, in denying a motion for leave to proceed in forma pauperis the district court can set a deadline for payment of the required filing fee and provide in the order that if the deadline passes without the fee being paid, the order will ripen into a final judgment of dismissal without further order. Another possibility is to regulate the matter by local rule. The only pertinent rule of the Eastern District of Wisconsin, however, provides that "whenever it appears to the court that the plaintiff's complaint ... is frivolous ... the complaint ... may be dismissed without prejudice after twenty (20) days written

notice to the parties." E.D.Wis.R. 10.04. This procedure was not followed here. However it proceeds, the district court must make sure that an order intended to terminate a litigation does so unequivocally, so that the losing litigant does not forfeit his right to appeal by inadvertence.

 There was no final judgment in this case and the appeal is therefore dismissed. We assume that the district court will proceed promptly to final judgment, and then the plaintiff if he still wants to appeal will have to file a new notice of appeal within 30 days of the entry of the judgment.

APPEAL DISMISSED.