Charles ADAMS, et al.,
Plaintiffs–Appellants,

v.

**LEVER BROTHERS COMPANY,**
Defendant–Appellee.

No. 88–2288.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 15, 1989.

Decided April 20, 1989.

John L. Gubbins, Chicago, Ill., for plaintiffs-appellants.

Ronald Wilder and Schiff Hardin & Waite, Chicago, Ill., for defendant-appellee.

Before COFFEY, EASTERBROOK and RIPPLE, Circuit Judges.

EASTERBROOK, Circuit Judge.

This employment-discrimination litigation was dismissed by consent on March 7, 1988, after the parties said that they thought it could be settled. The order states: "This cause is hereby dismissed with ninety days within which to reinstate." On the last day of this period, John L. Gubbins, counsel to the plaintiffs, filed this document:

> NOTICE is hereby given that the plaintiffs in the instant case are pursuant to prior order of this court reinstating their complaint *pro se.*
>
> Respectfully,
>
> John L. Gubbins

A copy of the eight-page complaint was attached to the notice and bore a signature line for "Charles Adams, pro se on behalf of himself and all other plaintiffs." Neither Adams nor anyone else signed this copy of the complaint.

The district court declined to reinstate the case, writing that "[t]he Court has come to expect unusual filings, usually late, from Gubbins. However, this 'notice of reinstatement' is by far the most unusual." The court found it defective for five reasons: (1) it purported to reinstate the action without leave of court; (2) it was filed *pro se*, although Gubbins had not sought to withdraw his appearance on behalf of the plaintiffs; (3) Adams purported to represent the other plaintiffs, but only a lawyer may represent someone other than himself; (4) Adams did not sign the complaint; (5) Gubbins, who signed the notice, claimed that he did not represent the plaintiffs.

Gubbins then filed both an "emergency" motion asking the court to "vacate" its order and reinstate the case, and a request to withdraw as counsel, asserting that a conflict had developed among the plaintiffs. The district judge did not let Gubbins withdraw, observing that he had not given his clients proper notice of his desire to withdraw or presented facts to substantiate his assertions. She also denied the "emergency motion to vacate", treating it as an untimely motion for leave to reinstate; she told Gubbins to file any future motion under Fed.R.Civ.P. 60(b). Gubbins filed an appeal and modest briefs; although the court set the case for oral argument, Gubbins waived his right to participate. As the district court observed, Gubbins has not been wholly diligent in protecting the position of his clients there. See, e.g., *Herman v. City of Chicago*, 870 F.2d 400 (7th Cir. 1989). Although the sins of counsel often are visited on litigants, we conclude that these clients survive Mr. Gubbins's slapdash approach.

■ Procedural snarls often create jurisdictional questions; this case is no exception. Lever insists that there is no appellate jurisdiction. The order of March 7 dismissing the case was consensual, hence not appealable. *Geaney v. Carlson*, 776 F.2d 140 (7th Cir.1985). The expiration of the 90 days—or alternatively the order of June 8 declining to reinstate the case—in Lever's view did no more than make the

March 7 order "final". Plaintiffs may not appeal from the June 8 order, Lever continues, because it struck a notice and has no other effect, and may not appeal from the March 7 order because the time has run. (The notice of appeal was filed on July 6, 1988.) Plaintiffs' motion to reconsider the June 8 order, whatever its caption, was supported by Rule 59, see *Charles v. Daley*, 799 F.2d 343, 347 (7th Cir.1986), and the denial of a Rule 59 motion leaves in place the initial decision, whose "finality" is necessary to appeal; if the June 8 order is not appealable, the June 16 order is no more so. This leaves only the possibility of relief in the district court under Rule 60(b), which plaintiffs have not sought.

■ Whether there has been a "final decision" within the meaning of 28 U.S.C. § 1291, and if so when that decision was entered, are separate questions. An order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). When nothing remains to be decided in the district court, the order is appealable even if formalities have not been observed. See *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978); *Rosser v. Chrysler Corp.*, 864 F.2d 1299, 1304–06 (7th Cir.1988); *Coniston Corp. v. Village of Hoffman Estates*, 844 F.2d 461, 463 (7th Cir.1988); *Soo Line R.R. v. Escanaba & Lake Superior R.R.*, 840 F.2d 546, 549 (7th Cir.1988). This case is defunct in the district court. Plaintiffs' ability to seek relief under Rule 60(b) does not prevent appeal; quite the opposite, Rule 60(b) supposes that a final judgment has been entered. *Kapco Mfg. Co. v. C & O Enterprises, Inc.*, 773 F.2d 151 (7th Cir.1985). On Lever's reasoning no decision, even judgment on a jury verdict, would be appealable, for the loser could file a Rule 60(b) motion. This case has been finally resolved in the district court.

■ But when? The order dismissing the case was entered on March 7, and plaintiffs did not appeal within 30 days. The document entered on March 7, although a

judgment, was not final and hence was not appealable. Not until June 8 did it become final. Plaintiffs' 30 days therefore started to run on June 8, was tolled by their Rule 59 motion, and recommenced on June 16. The notice of appeal filed on July 6 was timely. *Fennell v. TLB Kent Co.*, 865 F.2d 498, 499 n. 1 (2d Cir.1989); *United States v. Mt. Vernon Memorial Estates, Inc.*, 734 F.2d 1230, 1233–35 (7th Cir.1984). Cf. *In re United States*, 844 F.2d 1528, 1531 (11th Cir.1988) (an order dismissing a complaint but granting leave to amend within 30 days becomes final and appealable when the 30th day passes without amendment); *Brekke v. Morrow*, 840 F.2d 4 (7th Cir. 1988) (suggesting this as a potentially clear jurisdictional rule when the district court denied leave to proceed *in forma pauperis* and allows a time within which to pay the docket fee).

■ Lever raises an objection to this line of reasoning: if the March 7 judgment is the subject of the appeal, Lever maintains, plaintiffs must be ejected because the notice mentions only the decisions of June 8 (which Gubbins misdated as June 6) and June 16. A notice of appeal must be precise, *Torres v. Oakland Scavenger Co.*, —— U.S. ——, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988), and it presents to the appellate court only the decision identified. *Bach v. Coughlin*, 508 F.2d 303 (7th Cir.1974). True enough, but not helpful to Lever. The order of June 16 is the final *decision* even though the order of March 7 is the *judgment*, and § 1291 authorizes appeals from "final decisions". See *Soo Line R.R.*, 840 F.2d at 549. The notice of appeal, like the notice filed in the district court, was drafted thoughtlessly, but it was enough.

Most of the district court's objections to the notice reinstating the complaint resolve to the belief that Adams could not represent the other plaintiffs, especially not while Gubbins was their lawyer. Undoubtedly true, but not pertinent. The notice, weird as it is, was signed by Gubbins—then and now counsel for all of the plaintiffs. It had the same legal effect as one omitting the foofaraw and stating: "The plaintiffs hereby reinstate their complaint, already on file." We must decide whether such a notice is sufficient or whether, instead, Gubbins needed the court's consent.

■ The language of the March 7 judgment—"This cause is hereby dismissed with ninety days within which to reinstate" —does not require the plaintiffs to obtain leave of court. Contrast this language with that in *Fennell*, a similar case from the Second Circuit: "[T]his action be, and the same hereby is, dismissed with prejudice but without costs; provided, however, that within sixty days of the date of this order any party may apply by letter for restoration of the action to the calendar of the undersigned." 865 F.2d at 503–04. The judicial process works best when orders mean what they say. Surprising interpretations of simple language—perhaps on the basis of a judicial intent not revealed in the words—unnecessarily create complex questions and can cause persons to forfeit their rights unintentionally. Parol evidence about the judge's intentions should be irrelevant, just as parol evidence is excluded in contract cases when the language is clear.

Orders dismissing the case on the prospect of settlement are like consent judgments, which are treated as the parties' contracts, the meaning of which depends on their language rather than the judge's purposes or intent. *United States v. ITT Continental Baking Co.*, 420 U.S. 223, 233–37, 95 S.Ct. 926, 932–35, 43 L.Ed.2d 148 (1975). Parties might suppose that the provision of 90 days within which to reinstate gives, in advance, any judicial leave that might be required. Dismissal pending settlement, followed by reinstatement if settlement is not achieved, is a close cousin to dismissal without prejudice under Rule 41(a)(1). Plaintiffs are entitled to dismiss under Rule 41(a)(1) until the defendant answers the complaint (which Lever had not) and may file an identical suit without seeking the court's permission. The only differences between dismissal followed by reinstatement and a Rule 41(a)(1) dismissal followed by re-filing are that the latter requires a new docket fee and must satisfy the statute of limitations. Neither of these

differences suggests that leave of court—presumably conditioned on good cause—ought to be the norm when a case is dismissed with leave to refile. "Good cause" is unrelated to the function of the statute of limitations; a defendant that wants to protest a resumption on timeliness grounds may insist on dismissal under Rule 41(a).

Orders such as that of March 7 are problematic to begin with, and their administration ought not be complicated by unarticulated requirements. A case, once filed, should continue until settlement or judicial disposition. Dismissing a case in anticipation of settlement makes the judge's docket statistics look better, but at the price of imbroglios such as ours and the one in *Fennell,* which can be disentangled only by the application of legal and judicial time that would have been unnecessary had the district judge simply stayed proceedings while awaiting settlement. Dismissal with the option to reinstate may keep the parties' feet to the fire, for the deadline presses them to wrap up the agreement quickly or get on with the case. If this is the function of the procedure, then automatic reinstatement should be the norm. Courts are not authorized to ogle the settlement negotiations to determine whether the parties were engaged in bona fide dickering, let alone whether one side ought to have accepted the other's offer: a district judge is not like the NLRB monitoring labor negotiations. Whether one side demurred when it should have nodded is neither here nor there; agreement has not been reached, and the action should proceed to judgment on the merits, just as in *Fennell.*

Although our analysis requires a remand, an affidavit attached to Lever's papers opposing the Rule 59 motion may cut the process short. The affidavit, signed by one of the plaintiffs, strongly suggests that the plaintiffs were fired for using drugs on the job and filed this suit only in the hope of recovering some vacation pay, which Lever insists it has already given them. If Mr. Gubbins filed the complaint (or any subsequent document) without the prior inquiry required by Rule 11, sanctions are in order. Gubbins may have much to answer for, but his clients are entitled to a decision on the merits, if in the face of this affidavit they still believe there are "merits" to resolve. The judgment is vacated, and the case is remanded for proceedings consistent with this opinion.

RIPPLE, Circuit Judge, dissenting.

I would affirm the judgment of the district court. In my view, the notice of appeal only brings to this court the decision of the district court on June 8 that refused to reinstate the action. With respect to that matter, I believe the district court acted correctly in refusing to accept that document as sufficient to reinstate the case.

I join my colleagues in expressing disapproval of the district court's overall methodology in this case. The "short-cut" of dismissing with leave to reinstate has resulted already in much additional expense and wasted judicial time. Given the court's decision today, much more time will be expended before this litigation is finally terminated.