Henry OLLERDESSEN, Paul Ardzrooni, Daniel Ardzrooni, and Edward Ardzrooni, Plaintiffs,

v.

MURLAS COMMODITIES, INC., a Corporation, Defendant.

No. 88 C 9604.

United States District Court, N.D. Illinois, E.D.

Aug. 10, 1989.

Edward Ardzrooni, Law Offices of Edward Ardzrooni, Oakland, Cal., Howard S. Suskin (Local Counsel), Jenner & Block, Chicago, Ill., for plaintiffs.

Peter R. Boutin, Robert D. DeLong, Keesal, Young & Logan, San Francisco, Cal., for defendant.

## ORDER

NORGLE, District Judge.

Before the court are the motions of plaintiffs for leave to file a second amended complaint and to compel defendant to comply with certain outstanding discovery, and the motion of defendant to stay or dismiss pending arbitration.

## FACTS

Plaintiffs, disappointed with the results of certain commodities investments, allege various claims against defendant, their broker. This action was originally filed in the United States District Court for the Northern District of California. Defendant moved that venue be transferred to the Northern District of Illinois. The basis for defendant's motion was a forum selection clause contained in ¶ 33 of the Customer Agreement, between plaintiffs and defendant, executed by one of the plaintiffs.[1] The motion was granted, but was "conditional upon defendant's agreement to exchange arbitration venued in Chicago, Illinois." Order of the United States District Court for the Northern District of Califor-

---

1. Although only one of the plaintiffs, Edward Ardzrooni, executed the Customer Agreement, apparently (based upon information in the Customer Agreement) all of the plaintiffs traded through the same account and thus presumably were found by the United States District Court for the Northern District of California to be bound by the Customer Agreement. Additionally, in their proposed Second Amended Complaint, the plaintiffs acknowledge that the Customer Agreement constitutes "some or all of the written portions of the agreement between plaintiffs and defendant." Proposed Second Amended Complaint, ¶ 6.

nia in Case No. C–88–2961–FMS dated November 2, 1988 (the "Transfer Order").

Plaintiffs now seek leave to file a second amended complaint. Plaintiffs had already amended their complaint once while the action was venued in California. Although defendant has yet to answer, more than 20 days have elapsed since the amended complaint was served. Thus, this motion is brought under that portion of Rule 15 which provides that "a party may amended the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a).

Whether to grant or deny plaintiffs' motion rests in the sound discretion of the court. *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1972); *Zenith Radio v. Hazeltine Research, Inc.*, 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971); *Wilson v. American Trans Air, Inc.*, 874 F.2d 386 (7th Cir.1989). However, Rule 15(a) has been interpreted to require that leave to amend is liberally granted. *Foman*, 371 U.S. at 182, 83 S.Ct. at 230; *Jones v. Hamelman*, 869 F.2d 1023 (7th Cir.1989). Therefore, in the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by previous amendments or undue prejudice to the opposing party— leave to amend should be granted. *Foman*, 371 U.S. at 182, 83 S.Ct. at 230; *Jones*, 869 F.2d at 1026.

■ There is nothing in the record indicating undue delay, bad faith or a dilatory motive on the part of plaintiffs, or repeated failure to cure deficiencies. While defendant has not consented in writing to the amendment, neither has it filed a written opposition to plaintiffs' motion, despite the opportunity to do so. Thus, there is no basis for the court to find prejudice to defendant. Plaintiffs' motion for leave to file a second amended complaint is granted.

However, defendant's motion to stay or dismiss pending arbitration is also granted—though not for the reasons advanced by defendant. Defendant moves to stay or dismiss pending arbitration, on the basis that the transfer of venue to this district was conditioned upon arbitration. Defendant attaches the Transfer Order to its motion quoting its "clear" language that: "this transfer is conditional upon the defendant's agreement to exchange arbitration ..." Defendant also makes reference to discussion of the possibility of arbitration at the hearing on defendant's motion to transfer,[2] and notes the Supreme Court's expressed preference for arbitration of disputes arising from securities transactions. *See Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 107 S.Ct. 2332, 2337, 96 L.Ed.2d 185 (1987) ("The Arbitration Act thus establishes a 'federal policy favoring arbitration,' ... requiring that 'we rigorously enforce agreements to arbitrate.'" (citations omitted)). Yet, as plaintiffs correctly note, the Transfer Order made transfer conditional on *defendant's* agreement to exchange arbitration and did not require plaintiff to submit to arbitration.

The court finds the parties' presentations of the issue at once curious and disturbing. Plaintiffs' contractual consent to arbitration makes resolution of this issue quite simple. Meanwhile, both parties feverishly fire shots far off the mark, providing the court with little aid in this matter.

The Customer Agreement at ¶ 33 specifically provides, in bold print, that:

This agreement and any and all actions related to this agreement, customers' account or accounts with Murlas ... *may at the discretion and election of Murlas be litigated* only in a state or federal court or *before the Commodity Futures Trading Commission pursuant to its reparations procedures or before the National Futures Association pursuant to its arbitration procedures within Chicago, Illinois ...* and you [the

---

2. Plaintiff has supplied the court with a copy of this transcript and the propriety of arbitration was discussed. Transcript of proceedings before the Hon. Fern M. Smith, United States District Court, Northern District of California on November 3, 1988 with respect to *Ollerdessen v. Murlas Commodities*, C–88–2961 FMS.

plaintiffs] hereby consent to the jurisdiction and venue of such courts, tribunals, boards, panels, and bodies. (Emphasis added)

When Edward Ardzrooni opened the account, by signing the Customer Agreement containing ¶ 33, he unambiguously consented to arbitration, at the election of Murlas, on behalf of himself and all of the other plaintiffs who bring claims arising from trades made on the account opened by execution of the Customer Agreement.

Curiously, defendant's motion to stay or dismiss fails to even mention ¶ 33 of the Customer Agreement. Defendant can hardly be unfamiliar with ¶ 33, as it is contained in a contract drafted by defendant and it was this very paragraph that formed the basis for defendant's transfer of this action from California.

The plaintiffs go even further than ommitting to mention ¶ 33, they deny its existence. Specifically, in attempting to distinguish *Shearson/American Express, Inc. v. McMahon*, they state: "In the *Shearson* case there was a signed contract to commit the dispute to arbitration. In the case at bar, there was no consent by any of the plaintiffs to arbitration. There never has been." Plaintiffs' Brief in Opposition to Defendant's Motion to Stay or Dismiss, ¶ 1.[3] Missing, however, is at least a candid statement that there is, like *Shearson*, a signed contract with an arbitration provision. This is disturbing. Plaintiff's motion for leave to file a second amended complaint incorporated a copy of the Proposed Second Amended Complaint which has as Exhibit A a copy of the executed Customer Agreement. Moreover, plaintiffs specifically acknowledge that the Customer Agreement constitutes, "some or all of the written portions of the agreement between plaintiffs and defendant, Murlas ..." Proposed Second Amended Complaint, ¶ 6. On one hand, plaintiffs seek to employ the Customer Agreement as evidence of the representations of defendant. On the other hand, plaintiffs seek to avoid or, more

acurately, ignore or misrepresent the binding effect of the Customer Agreement with respect to arbitration.

■ Plaintiffs' pleading rises to the level of sanctionable conduct under Fed.R.Civ.P. 11. However, in determining the appropriate sanction the court must consider that the defendant itself failed to invoke ¶ 33. Moreover, as defendant did not file a reply to plaintiffs' response, it incurred no additional expense in addressing plaintiffs' unfounded argument. Therefore, an award of fees to the defendant is inappropriate. The real "victim" of plaintiffs' conduct has been the court. Plaintiffs' sanction is this censure by the court.

■ Plaintiffs have consented to arbitration at defendant's election. Defendant has elected arbitration. Therefore, this matter shall either be stayed or dismissed pending arbitration. Recent decisions in this Circuit have expressed a preference for a stay over a dismissal where ultimate disposition of the dispute is questionable. *See Charles Adams v. Lever Bros. Co.*, 874 F.2d 393 (7th Cir.1989). However, the parties have yet to addressed whether the Customer Agreement has the effect of waiving plaintiffs' rights to access to the courts subsequent to arbitration. Accordingly, oral argument on this issue is set for August 28, 1989 at 9:30 a.m.

Finally, as this matter will either be stayed or dismissed pending arbitration, plaintiffs' motion to compel defendant to comply with certain outstanding discovery is denied.

In sum, plaintiffs' Motion for Leave to File a Second Amended Complaint is granted, defendant's Motion to Stay or Dismiss Pending Arbitration is granted in part, with oral argument on the issue of the preclusive effect of the Customer Agreement set for August 28, 1989 at 9:30 a.m., and plaintiffs' Motion to Compel Compliance with Discovery is denied.

IT IS SO ORDERED.

---

**3.** Plaintiffs have also sent an unsolicited letter to the court denying "stipulating" to arbitration. The practice of sending unsolicited letters to the court as a way of further argument is discouraged in the strongest terms.