**Michael ZABELLE, etc., Plaintiffs,**

v.

**Thomas FITZGERALD,
et al., Defendants.**

**No. 91 C 6015.**

United States District Court,
N.D. Illinois, E.D.

Oct. 18, 1991.

---

Michael Zabelle, pro se.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Michael Zabelle ("Zabelle") brings this action pursuant to 42 U.S.C. § 1983 ("Section 1983") seeking relief on behalf of himself and all other similarly situated prisoners held in the Will County Detention Center ("Detention Center") for alleged violations of their right to meaningful access to the courts. Named as defendants are Will County Sheriff Thomas Fitzgerald, Detention Center law librarian Art Moen, Will County Assistant State's Attorney Philip Mock and various state, county and City of Joliet elected officials. This Court reviews Zabelle's pro se Complaint in conjunction with his request for leave to proceed as a pauper under 28 U.S.C. § 1915 ("Section 1915").

Zabelle's Complaint allegations are sketchy at best. He is a detainee at the newly-constructed Detention Center who has chosen to exercise his right of self-representation under *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). His concern is that he has no access to a law library to prepare his defense. Because the Detention Center has no law library of its own, in the unedited words of the Complaint:

> The defendants chose to use the alternative method of mail order or pageing system—useing the old detention center 14 W. Jefferson, Joliet, Ill., as relief—As of August 14 1991, Art Moen, librarian has informed this new facility, would not be given access to law material or repond to requests for legal material, mail order or pageing system—See attached [1]

Zabelle maintains that system is inadequate because it does not permit him to prepare a "proper and meaningful defense." Although by no means clear, some references in the Complaint suggest that he may have sought wider access to the law library in an unsuccessful oral motion

1. [Footnote by this Court] Unfortunately Zabelle did not tender the attachment referred to in the Complaint. That oversight makes interpretation of the terse and roughly-drawn Complaint even more difficult.

in the state court. Zabelle also indicates, with another reference to missing attachments (see n. 1), that he has sought relief administratively through discussions with detention authorities.

■ Zabelle has no absolute constitutional right to physical access to a law library to prepare his defense to criminal charges. *United States ex rel. George v. Lane,* 718 F.2d 226, 233 (7th Cir.1983) has said:

> A state is not required under the law to offer a defendant law library access once it has fulfilled its constitutional obligation to provide him with competent legal assistance.

See also *Martin v. Davies,* 917 F.2d 336, 340 (7th Cir.1990); *United States v. Moya–Gomez,* 860 F.2d 706, 743 (7th Cir.1988); *Howland v. Kilquist,* 833 F.2d 639, 643 (7th Cir.1987).

Thus the crucial question becomes whether defendants have indeed fulfilled their duty to provide Zabelle with sufficient means of legal assistance to prepare a meaningful defense. While the cases may be read to imply that an *offer* of court-appointed counsel will suffice to discharge that duty, the presence of "special circumstances" may require more (see *Moya–Gomez,* 860 F.2d at 743). Whether any special circumstances exist in this case is impossible to determine because of the garbled nature of the Complaint and its paucity of factual allegations.

■ Federal courts have authority to protect defendants from groundless lawsuits instituted by plaintiffs who, by reason of their indigence, may enter the courthouse door without payment of a filing fee. Section 1915(d) allows dismissal of an indigent's suit if the "action is frivolous or malicious," and a district court's decision in that respect is generally made solely on review of the complaint before issuance of summons (*Neitzke v. Williams,* 490 U.S. 319, 324, 109 S.Ct. 1827, 1831, 104 L.Ed.2d

338 (1989)). Sometimes, however, the confused nature of a pro se pleading makes it difficult for the court to determine whether or not a case is sufficiently frivolous as to call for summary dismissal. In that situation the court may postpone ruling on a motion for leave to proceed in forma pauperis, meanwhile ordering plaintiff to answer questions and to file an auxiliary pleading in the nature of a more definite statement under Fed.R.Civ.P. 15(a) (see *Spears v. McCotter,* 766 F.2d 179, 181 (5th Cir.1985)).

■ Here Zabelle has compounded the difficulties in evaluating his Complaint. He has neglected to file the attachments to which he refers, and he has left the facts at the heart of his claim much too unclear. This Court will therefore require him to file a more definite statement before deciding whether the Complaint has enough merit to warrant a response from defendants.

Accordingly Zabelle's motion for leave to file in forma pauperis is entered and continued. He is given until November 18, 1991 to supplement the Complaint with his omitted attachments. In addition, he is ordered on or before that date to file in this Court's chambers [2] an affidavit answering these questions:

1. Did you reject an offer of court-appointed counsel before deciding to defend yourself?

2. Has the state court provided you with a stand-by attorney to assist you in your self-defense?

3. Has the court made any other form of legal assistance available to you or entered any orders dealing with your access to legal materials? If your answer is yes, please explain.

4. Have you told the judge trying your case about your lack of access to law books in the old detention center? If yes, please explain how and when you

---

**2.** This Court is of course mindful of the difficulties that persons in custody may encounter in the transmittal of their mail (even mailings that are labeled "legal mail")—difficulties recognized and accommodated in *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

This order, because it establishes a date for filing in this Court's chambers rather than just a date for Zabelle's delivery to the Detention Center authorities, has set that date a full month hence, to allow more than ample time for any conceivable difficulties in that respect.

told him or her and state in some detail his or her response to your request.

If Zabelle does not file a timely response in compliance with this order, this Court will promptly enter judgment denying his motion and dismissing this action (see *Brekke v. Morrow*, 840 F.2d 4, 5 (7th Cir.1988)).[3]

3. Even if Zabelle were to prove able to get his own foot in the courthouse door, there are a number of hurdles that he would have to overcome to qualify this as a class action and to qualify himself as a class representative. That being so, it is entirely inappropriate to consider class certification before addressing Zabelle's own ability to meet the *Neitzke* standard.