Staradumsky v. West Warwick Police     CV-90-2000-B  01/13/94
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF NEW HAMPSHIRE


John J. Staradumsky

v.                                                Civil No. 90-2000-B

West Warwick Police
Department, et al.

                            **O R D E R**


     Before the court in this 42 U.S.C. § 1983 action is
defendants' motion for summary judgment pursuant to Fed. R. Civ.
P. 56(c).  Defendants seek to (1) rely on the doctrines of res
judicata and collateral estoppel to preclude plaintiff from
relitigating civil rights violations that he previously litigated
in state court; and (2) invoke the statute of limitations to bar
claims that accrued before September 15, 1984.  For the following
reasons I grant defendants' motion only with respect to their res
judicata and collateral estoppel claims.


                       **Factual Background**
     This case began as two separate actions.  Plaintiff filed
the first complaint on September 15, 1987, alleging violations of
42 U.S.C. §§ 1981, 1983, 1985, and 1986.  Initially fifteen
defendants were named in this action and plaintiff later filed an

amended complaint naming approximately seventy new defendants. After reviewing the pleadings, the court ordered plaintiff to file a second amended complaint or face dismissal of the action. See Order dated June 26, 1990. Because plaintiff never amended the complaint, the court dismissed plaintiff's claims against all of the defendants except the Town of West Warwick, the West Warwick Police Department, Police Chief Danny Patrarca, certain unnamed West Warwick police officers, and William Field. See Order dated August 17, 1990.

Plaintiff filed the second action against one hundred and ninety-seven defendants, including the original fifteen defendants from the first action. After numerous procedural events, many defendants were dismissed because plaintiff failed to complete service on them as required by law. By an Order dated August 17, 1990, plaintiff was given twenty days to file an amended complaint in the second action or face dismissal. At least one extension of time was granted to the plaintiff, and during this period the two cases were consolidated. See Order dated February 19, 1991. Because plaintiff never filed an amended complaint, the court dismissed the second action. See Order dated June 11, 1991.

The remaining five defendants named in the first action filed a motion to dismiss the first complaint. After careful examination of the complaint, the court granted their motion with respect to plaintiff's 42 U.S.C. §§ 1981, 1985, and 1986 claims. See Order dated June 11, 1991. Thus, only plaintiff's 42 U.S.C. § 1983 claims remained viable. Next, defendant William Field moved for summary judgment. This motion was granted by the court in an Order dated July 31, 1992.

The only claims that remain for decision are plaintiff's § 1983 claim against the Town of West Warwick, the West Warwick Police Department, Police Chief Danny Patrarca, and certain unnamed West Warwick police officers. Plaintiff alleges that these defendants conspired to illegally: (1) conceal defendants' refusal to investigate complaints plaintiff made when his business burned in 1983, (2) detain him on July 16, 1984, (3) have him evicted from his apartment on September 15 and 16, 1984, and (4) assist his wife in gaining custody of his children on or about June 29, 1986 and February 16, 1987. Additionally, plaintiff makes vague allegations that defendants engaged in a campaign of harassment, slander and spying against him. According to plaintiff, this continuing conspiracy was animated by a desire to drive plaintiff to suicide, cause him to become

3

insane and deter him from proceeding with various civil actions he had brought in state and federal courts.

Defendants move for summary judgment on the grounds that: (1) the doctrines of collateral estoppel and res judicata preclude plaintiff from litigating certain of his allegations, and (2) plaintiff is barred from bringing this action by the applicable statute of limitations.  I consider these contentions seriatim.

## Discussion[1]

A. <u>Res Judicata and Collateral Estoppel</u>

In 1983, plaintiff litigated and lost an action in the Rhode

---

[1] In ruling on this motion for summary judgment, I am guided by the following standards.  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The burden is upon the moving party to establish the lack of a genuine, material, factual issue, <u>Finn v. Consolidated Rail Corp.</u>, 782 F.2d 13, 15 (1st Cir. 1986), and the court must view the record in the light most favorable to the non-movant, according the non-movant all beneficial inferences discernable from the evidence.  <u>Oliver v. Digital Equipment Corp.</u>, 846 F.2d 103, 105 (1st Cir. 1988).  If a motion for summary judgment is properly supported, the burden shifts to the non-movant to show that a genuine issue exists.  <u>Donovan v. Agnew</u>, 712 F.2d 1509, 1516 (1st Cir. 1983).

Island Superior Court in which he claimed that the West Warwick Police Department and the Town of West Warwick, among others, concealed their refusal to investigate complaints he made in 1983 regarding a fire that took place at his business. Although the legal theory on which the complaint was based is unclear, the state action concerned the same events that are the subject of the first count of the plaintiff's claim here.

The United States Supreme Court has held that a state court's resolution of an issue or claim has the same preclusive effect in federal court that it would have in the state court where the matter was finally determined. Migra v. Warren City School Dist. Bd. of Educ., 104 S. Ct. 892, 898 (1984) (res judicata); Allen v. McCurry, 101 S. Ct. 411, 413-414 (1980) (collateral estoppel); see also Kyricopoulos v. Orleans, 967 F.2d 14, 16-17 (1st Cir. 1992) (collateral estoppel); Pasterczyk v. Fair, 819 F.2d 12, 13 (1st Cir. 1987) (res judicata). This rule applies with equal force to § 1983 claims. Migra, 104 S. Ct. at 898; Allen, 101 S. Ct. at 413-414; see also Kyricopoulos, 967 F.2d at 16-17; Pasterczyk, 819 F.2d at 12-13.

Plaintiff's claim that the Town of West Warwick and the West Warwick Police Department are liable because they concealed their refusal to investigate complaints plaintiff made when his

5

business burned in 1983 is identical to the claim plaintiff litigated and lost against these defendants in the state court action. Moreover, because the individual defendants in the present case have been sued for their alleged roles in the 1983 coverup in their capacities as members of the West Warwick police department, it also appears that facts which are essential to plaintiff's claim against the individual defendants in this action were decided adversely to the plaintiff in the state court action. Since there is nothing unusual about the way in which Rhode Island courts apply the doctrines of res judicata and collateral estoppel, see generally State v. Wiggs, 1993 R.I. LEXIS 275, *5 (R.I. 1993) (collateral estoppel); Forte Bros. v. Ronald M. Ash & Assoc., 612 A.2d 717, 722 (R.I. 1992) (res judicata), these doctrines will prevent plaintiff from relitigating the state court claim here unless plaintiff can establish that his case is governed by a recognized exception.

Plaintiff's only argument challenging defendants' res judicata and collateral estoppel claims is that neither doctrine is applicable because the verdict in the state court action was produced by a "conspired/rigged/fixed jury." He has given no specific facts to support this assertion, and even viewing the record in the light most favorable to the plaintiff, there is no

evidence to support this contention in the record. "Conclusory responses unsupported by the evidence" are not enough to meet plaintiff's Rule 56 burden. Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990). Accordingly, summary judgment is granted with respect to plaintiff's first claim.

B. Statute of Limitations

Defendants next contend that they are entitled to summary judgment because certain of plaintiff's claims are barred by the statute of limitations. Plaintiff filed the instant action on September 15, 1987. Defendants argue that plaintiff's claims are subject to a three year statute of limitations. Accordingly, they assert that plaintiff is barred from litigating claims that accrued prior to September 15, 1984. Upon a thorough reading of the complaint, it appears that the only remaining claim that could be barred by the statute of limitations is plaintiff's claim that he was illegally detained on July 16, 1984. Plaintiff asserts that his claims should not be barred by the statute of limitations because of the conspiratorial nature of defendants' acts.

Actions under § 1983 are subject to the governing state's personal injury statute of limitations. Wilson v. Garcia, 105 S. Ct. 1938, 1949 (1985). Rhode Island's statute of limitations for

7

personal injury claims is three years.  R.I. Gen. Law § 9-1-14 (1985).  However, "[w]hile state law supplies the statute of limitations in a § 1983 action, federal law governs the accrual period."  Lafont-Rivera v. Soler-Zapata, 984 F.2d 1, 2-3 (1st Cir. 1993).  Moreover, the First Circuit has held that in conspiracy cases, "these types of actions accrue when the last overt act alleged to have caused the damages is performed."  Edwards v. Sotomayor, 557 F. Supp. 209, 219 (D.P.R. 1983) (citing Kadar Corp. v. Milbury, 549 F.2d 230, 234 (1st Cir. 1977); Scherer v. Balkema, 840 F.2d 437, 439 (7th Cir. 1988) (and cases cited therein), cert. denied, 108 S. Ct. 2035.

Construing the complaint in the light most favorable to the plaintiff, he has alleged that at least two overt acts were performed in furtherance of the conspiracy within three years of the commencement of this action.  First, he alleges that defendants had him evicted on September 15, and 16, 1984, and second he alleges that defendants assisted his wife in gaining custody of his children on or about June 29, 1986 and February 16, 1987.  Because defendants have not averred in their summary judgment motion that the defendants' allegedly illegal detention of the plaintiff in July 1984 was not part of a conspiracy that continued beyond September 15, 1984, I do not consider whether

8

plaintiff can demonstrate that a genuine dispute exists with respect to this issue. However, in an effort to expedite this six year-old case, I will allow defendants thirty days to file a properly supported motion for summary judgment averring that the defendants' alleged detention of the plaintiff on July 16, 1984 was not part of a conspiracy that allegedly continued beyond September 15, 1984. If defendants file such a motion, the burden will then shift to plaintiff to show that a genuine issue remains for trial with respect to this claim.

C. Remaining Claims

Also remaining for decision are plaintiff's claims that defendants conspired to illegally: (1) assist his wife in gaining custody of his children on or about June 29, 1986 and February 16, 1987, and (2) have him evicted from his apartment on September 15 and 16, 1984. Defendants have not specifically addressed these claims, but it is clear that to the extent that the custody and eviction issues were decided in a state court where the plaintiff had a full and fair opportunity to litigate his claims, these allegations would be barred by the doctrines of res judicata or collateral estoppel. See, e.g. Sylvander v. New England Home for Little Wanderers, 584 F.2d 1103, 1009 (1st Cir. 1978) (custody); Lovely v. LaLiberte, 498 F.2d 1261 (1st Cir.

9

1974) (eviction), <u>cert. denied</u>, 95 S. Ct. 526.  If defendants file a properly supported motion for summary judgment alleging that no triable issue exists with respect to the substance of plaintiff's claims, defendants may be entitled to summary judgment on this basis as well.  Accordingly, defendants have thirty days to file a motion for summary judgment addressing these issues.

## III. Conclusion

For the foregoing reasons the defendants' motion for summary judgment (document no. 61) is granted in part, and the parties are ordered to proceed in accordance with the provisions set forth herein.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

January 13, 1994

cc:  Peter Meyer, Esq.
    Seth Bowerman, Esq.
    John Staradumsky
    Brian McDonough, Esq.

10