51 F.3d 275
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Sanford GIBSON, Plaintiff-Appellant,
v.
Steve KRONZER, et al., Defendants-Appellees.
 No. 93-1987.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 4, 1995.*
Decided April 5, 1995.
 
 Before POSNER, Chief Judge, and FAIRCHILD and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Sanford Gibson, proceeding pro se, brought this complaint alleging that while he was incarcerated at the Columbia Correctional Institution in Portage, Wisconsin, the defendants violated the Fair Labor Standards Act, 29 U.S.C. Secs. 201 et seq, and Wisconsin state law, Wis.Stat.Ann. Secs. 104.01 et seq., by not paying him minimum wage for work he performed in the Wisconsin Prison Industries' print shop. Gibson also alleged that the defendants violated the Fourteenth Amendment by failing to hold a pre-deprivation hearing before denying his property right to minimum wages. The district court sua sponte dismissed the complaint, without prejudice, pursuant to 28 U.S.C. Sec. 1915(d).[2]
 
 
 2
 The district court properly concluded that the complaint lacked any basis in law. Under the reasoning of our decision in Vanskike v. Peters, 974 F.2d 806 (7th Cir.1992), cert. denied, 113 S.Ct. 1303 (1993), inmates working in the Wisconsin Prison Industries' program are not "employees" within the meaning of the FLSA. George v. Badger State Indus., 827 F.Supp. 584, 589 (W.D.Wis.1993). Thus, Gibson was not entitled to a minimum hourly wage for his work in the prison print shop. Id.; see also Morgan v. MacDonald, 41 F.3d 1291, 1293 (9th Cir.1994); McMaster v. State of Minnesota, 30 F.3d 976, 980 (8th Cir.1994), cert. denied, 115 S.Ct. 1116 (1995); Henthorn v. Department of Navy, 29 F.3d 682, 686-87 (D.C.Cir.1994); Franks v. Oklahoma State Indus., 7 F.3d 971, 972 (10th Cir.1993); Hale v. Arizona, 993 F.2d 1387, 1395 (9th Cir.) (en banc), cert. denied, 114 S.Ct. 386 (1993).[3] In addition, to the extent Gibson properly preserved his due process claim for review, the Wisconsin statutes that he cited do not create in prisoners any right to a minimum wage. The judgment of the district court is therefore AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record
 
 
 [2]
 Specifically, the district court stated that "petitioner's request to proceed in forma pauperis must be denied and dismissed without prejudice." While the court cited Brekke v. Morrow, 840 F.2d 4 (7th Cir.1988), it failed to heed our admonition that "the district court must make sure that an order intended to terminate a litigation does so unequivocally." Id. at 6. Despite this failure, we conclude that the order here was a final judgment. The district court clearly intended to dismiss the action in its entirety, and not merely to deny leave to proceed in forma pauperis
 
 
 [3]
 The en banc opinion in Hale reversed the panel decision in Hale v. State of Arizona, 967 F.2d 1356 (9th Cir.1992), which Gibson relied upon in his brief