Curtis HENDERSON, Plaintiff–
Appellant,

v.

Michael P. LANE and J. Gallassi,
Defendants–Appellees.

Curtis HENDERSON, Plaintiff–Appellee,

v.

Michael P. LANE and J. Gallassi,
Defendants–Appellants.

Nos. 90–2973, 90–3076.

United States Court of Appeals,
Seventh Circuit.

Submitted May 26, 1992.

Decided Aug. 13, 1992.*

* This case originally was decided by unpublished order under Circuit Rule 53. At the request of the defendants-appellees the panel decided to publish its opinion.

Curtis Henderson, pro se.

Randy E. Blue, Asst. Atty. Gen., Office of the Atty. Gen., Crim. Appeals Div., Springfield, Ill., Daniel N. Malato, Asst. Atty. Gen., Office of the Atty. Gen., Civ. Appeals Div., Neil F. Hartigan, Atty. Gen., Jerald S. Post, Asst. Atty. Gen., Chicago, Ill., for defendants-appellees.

Before EASTERBROOK and KANNE, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.

PER CURIAM.

Curtis Henderson, the plaintiff, is an inmate in the custody of the Illinois correctional system. Henderson is an unwilling participant in the "circuit rider" security program which regularly moves certain prisoners to and from segregation units of various state correctional institutions throughout Illinois. Henderson brought this suit under 42 U.S.C. § 1983, challenging the program and several conditions of confinement. He claims that at some of the institutions in which he has been placed, he and other segregated prisoners were allowed to shower only once in a week and given one hour of recreation per week. He also claims that participants in the circuit rider program are denied meaningful access to legal materials. Henderson contends that the circuit rider program constitutes cruel and unusual punishment in violation of the eighth amendment. His complaint requests punitive and compensatory damages, as well as injunctive relief.

Henderson's requests for injunctive relief asked that the defendants: (1) be ordered to release him from the circuit rider program; (2) be ordered to allow him to recreate with other inmates; (3) be enjoined from denying him the assistance of inmate law clerks; and (4) be ordered to provide him access to a law library together with free photocopying privileges, a typewriter and a telephone to seek legal assistance. Following a hearing on the requests for injunctive relief, the Magistrate Judge recommended that they be denied, and the district court adopted this recommendation. Henderson filed a timely notice of appeal, No. 90–2973.

Michael P. Lane and J. Gallassi, the defendants, filed a motion for partial summary judgment claiming that they are entitled to qualified immunity on the counts alleging cruel and unusual punishment for allowing only one shower and one hour of recreation per week. Once again, the issue of qualified immunity was referred to the Magistrate Judge who recommended denial of the summary judgment motion, a recommendation which the district court adopted. The defendants also filed a timely notice of appeal, No. 90–3076.

We have consolidated for review on appeal the denial of plaintiff's request for preliminary injunctive relief and the denial of defendants' motion for summary judgment.

PRELIMINARY INJUNCTIVE RELIEF

■ Our review of a denial of a preliminary injunction is bifurcated. The district court's weighing of evidence or balancing of equitable factors will be overturned only if the court abused its discretion. *Kellas v.*

*Lane,* 923 F.2d 492, 493 (7th Cir.1990). However, the district court's legal conclusions are subject to *de novo* review. *Id.* *See also United States v. Rural Elec. Convenience Coop. Co.,* 922 F.2d 429, 432 (7th Cir.1991). A plaintiff seeking a preliminary injunction must demonstrate: "1) a reasonable likelihood of success on the merits; 2) the inadequacy of a remedy at law; 3) the existence of irreparable harm without the injunction; 4) that the threat of harm to the plaintiff outweighs any harm to the defendant if the injunction were issued; and 5) that the public interest would not be disserved if the injunction were granted." *Kellas,* 923 F.2d at 493.

■ Based on the limited record developed in the district court, we determine that Henderson's request for preliminary injunctive relief was properly denied. We need only briefly address two points. First, Henderson has not demonstrated that his participation in the circuit rider program will cause him irreparable harm warranting a preliminary injunction. The state's interest in the safe and orderly operation of its penal system greatly outweighs Henderson's interests in more showers and exercise with other inmates. Testimony credited by the district court indicates that Henderson is a fractious and predatory inmate who refuses to conform to the rules of the prison system. The court noted that Henderson has been disciplined on numerous occasions for assaultive behavior "which has not ceased despite all efforts of the prison system." The district court found that "[t]o limit [the defendants'] attempts to assert some type of control over this particular inmate would render a great disservice to the public interest."

The circuit rider program represents an effort by the Illinois Department of Corrections to deal with serious disciplinary problems throughout the Illinois penal system. Because of the difficult and complex problems involved in operating a penal system, prison authorities are accorded substantial deference in achieving penalogical goals. *See Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 125, 97

S.Ct. 2532, 2537, 53 L.Ed.2d 629 (1977); *Campbell v. Miller,* 787 F.2d 217, 227 n. 17 (7th Cir.), *cert. denied,* 479 U.S. 1019, 107 S.Ct. 673, 93 L.Ed.2d 724 (1986); *Crusoe v. De Robertis,* 714 F.2d 752, 756 (7th Cir. 1983).

■ Second, with regard to Henderson's claims concerning access to the courts, we agree with the district court that this § 1983 suit provides Henderson an adequate remedy at law.

## DEFENSE OF QUALIFIED IMMUNITY

■ Defendants appeal the district court's ruling that qualified immunity does not shield them from Henderson's allegations that one shower and one hour of exercise per week constitute cruel and unusual punishment. An official is entitled to qualified immunity when his actions do not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Williams v. Anderson,* 959 F.2d 1411, 1414 (7th Cir. 1992) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)). Our determination of whether a right was "clearly established" focuses on the "state of the law at the time of the alleged violation." *Id.* (quoting *Zook v. Brown,* 748 F.2d 1161, 1164 (7th Cir.1984)). Our review of this question is *de novo.* Because the district court decided this issue on a motion for summary judgment, we must determine whether any material facts are in dispute and whether the moving party is entitled to a judgment as a matter of law. *Id.* at 1413.

■ Henderson filed this suit on September 15, 1987, alleging deprivations beginning on or around October 30, 1986. He amended his complaint on May 3, 1988, alleging continuing constitutional violations as a result of the circuit rider program. Thus, we must determine whether Henderson had a "clearly established" right to shower and to exercise more than once per week during this time frame.

Henderson contends that it is clearly established that limiting inmates to one shower per week can constitute a constitutional

violation. Henderson relies upon two district court decisions: *Davenport v. De Robertis,* 653 F.Supp. 649 (N.D.Ill.1987), in which the district court found that limitation to one weekly shower violated the eighth amendment and ordered the prison to provide three showers each week to segregated prisoners, and *Lightfoot v. Walker,* 486 F.Supp. 504 (S.D.Ill.1980), in which the district court held that allowing an inmate only one shower per week is not medically acceptable and promotes physical deterioration.

Henderson's reliance on *Davenport* is misplaced because the decision was modified on appeal. 844 F.2d 1310 (7th Cir.), *cert. denied,* 488 U.S. 908, 109 S.Ct. 260, 102 L.Ed.2d 248 (1988). In *Davenport,* we noted that "[t]he deprivation merely of cultural amenities is not cruel and unusual punishment." *Id.* at 1316. We determined that one shower per week for inmates was constitutionally sufficient and that the district court's contrary finding was clearly erroneous. *Id.* In addition, we discounted the *Lightfoot* decision based on the district court's failure to explain whether the inmates' deteriorating health resulted from the infrequency of showers or from a combination of conditions.

Therefore, in light of our decision in *Davenport,* Henderson cannot demonstrate that there was a "clearly established" right to shower more frequently than once a week. Thus the district court erred in holding that the defendants are not entitled to qualified immunity on this issue.

We also disagree with the district court's conclusion that qualified immunity does not shield the defendants' acts with reference to Henderson's complaints about limited exercise. Although we found that the district court's determination in *Davenport* that one hour of out-of-cell exercise per week was too little was not clearly erroneous, 844 F.2d at 1314, we have never held that limiting such exercise to one hour per week was unconstitutional. *See also French v. Owens,* 777 F.2d 1250, 1255–56 (7th Cir. 1985), *cert. denied,* 479 U.S. 817, 107 S.Ct. 77, 93 L.Ed.2d 32 (1986). Thus, there is no "clearly established" right to more than one hour of exercise per week, and the defendants are entitled to qualified immunity on this claim.

For the foregoing reasons, the decision of the district court reviewed under Cause No. 90–2973 is AFFIRMED and the decision of the district court reviewed under Cause No. 90–3076 is REVERSED.