1 F.3d 1244
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Fred R. COLLINS, Plaintiff/Appellant,
v.
Michael P. LANE, et al., Defendants/Appellees.
 No. 91-2100.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 2, 1993.*
Decided Aug. 13, 1993.
 
 Appeal from the United States District Court for the Central District of Illinois, Springfield Division, No. 91 C 3032; Richard Mills, Judge.
 C.D.Ill.
 AFFIRMED.
 Before POSNER and KANNE, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Fred Collins sued sixteen officials of the Illinois prison system claiming that they violated his constitutional rights to due process of law by transferring him from prison to prison throughout the state (a practice known as the "circuit rider" system) without following the proper procedures. 42 U.S.C. Sec. 1983. He also claimed that he was denied meaningful access to the law library and the law clerks at the prisons where he was housed. Collins asked for compensatory and punitive damages from each of the defendants. He also asked for an injunction against further use of the circuit rider system and for practices that would give Illinois' prisoners housed in segregation greater access to law books and legal assistance. The district court dismissed the case after finding that Collins's complaint had failed to state a claim on which relief could be granted. He now appeals that dismissal.
 
 
 2
 Collins raises two issues on appeal. First he claims that prison officials failed to put into his personal file a written reason for his numerous transfers in violation of Ill.Rev.Stat. ch. 38, p 1003-8-4, and failed to follow the procedures required by Ill.Rev.Stat. ch. 38 p 1003-8-7 before placing him in isolation. Assuming that these allegations are true, they will only support a claim that Collins was denied due process if the statutes Collins invokes create "a protected liberty interest by placing substantive limitations on official discretion." Olin? v. Wakinekona, 461 U.S. 238, 249 (1982). As to p 1003-8-4(a), although Illinois wardens do not have unbridled discretion to transfer prisoners, the Constitution does not create a liberty or property interest in remaining in a particular prison. Montayne v. Haymes, 427 U.S. 236, 242-43 (1976); Shango v. Jurich, 681 F.2d 1091, 1100 (7th Cir.1982). The same holds true for p 1003-8-7(e). The Constitution does not provide and Illinois has not created a substantive right to be kept out of isolation. Hewitt v. Helms, 459 U.S. 460, 469 (1983). Rather, p 1003-8-7(e) establishes procedures to follow before isolation is imposed, and "[p]romises of particular procedures ... do not create legitimate claims of entitlement." Wallace v. Robinson, 940 F.2d 243, 248 (7th Cir.1991) (en banc). Because Collins had no liberty or property interest at stake, he could not have been deprived of due process when he was placed in isolation. Collins, therefore, failed to state a claim for which damages could be granted. Nor is he entitled to injunctive relief because he has not shown that there is no adequate remedy at law for a proper claim. See Walgreen Co. v. Sara Creek Property Co., B.V., 966 F.2d 273, 275 (7th Cir.1992).
 
 
 3
 Collins also argues, citing exclusively Bounds v. Smith, 430 U.S. 817 (1977), that he was denied access to the courts because he was not allowed to use the law library and he was forced to use the legal assistance of inmates after being denied the assistance of a law clerk. Prison officials at some prisons did not allow him to have law books, he was only allowed to speak briefly with the people helping him, he was required to give specific case cites before he could get copies of cases, and his petition for certiorari to the Supreme Court got lost in the mail. To establish a right to a legal remedy, Collins must have pleaded that these restrictions on his access to the library prejudiced his ability to succeed on his case. Martin v. Davies, 917 F.2d 336, 341 (7th Cir.1990). He does claim that the restrictions placed on him hampered his ability to pursue an appeal from his criminal conviction, but he fails to state how this hurt his ability to succeed on his appeal.
 
 
 4
 Collins also asked the court to enjoin the prison officials to remove the restrictions placed on his access to the law library. Though unclear from the record, it appears that the restrictions placed on Collins are the restrictions placed on all circuit riders. These restrictions result from the fact that, because circuit riders are placed in the program due to their dangerousness, they are housed in segregation. See Henderson v. Lane, 979 F.2d 466, 468 (7th Cir.1992). Collins's complaint, therefore, can be read as asking for a permanent injunction against that aspect of the circuit rider program which restricts access to the law library due to being in segregation. To obtain this relief Collins was required to show the inadequacy of damages to remedy the wrong claimed. See Walgreen, 966 F.2d at 275. In Henderson we held that similar claims did not establish the right to injunctive relief. Id. Collins too has failed to establish a right to injunctive relief. Collins claimed simply that he was entitled to have the same access to legal materials in the prison that prisoners outside of segregation have. Yet Collins had some access to the materials he sought, which we know in part from the numerous (and accurate) citations in his brief. And as we noted in the preceding paragraph, if Collins had claimed that these restrictions had harmed his ability to win his case, then he would have a legal remedy and thus no basis for injunctive relief.[1]
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 In light of our ruling on the merits of this case, we need not consider the prison officials' motion to strike a part of Collins's reply brief