19 F.3d 21
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Oskar B. MCMILLIAN, Plaintiff-Appellant,
v.
Charles MILLER, et al., Defendants-Appellees.
 No. 92-3255.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 19, 1994.*
Decided March 15, 1994.
 
 Before CUMMINGS, KANNE and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Oskar McMillian, an inmate at the Waupun Correctional Institution (WCI), filed a civil rights complaint under 42 U.S.C. Sec. 1983 claiming that WCI's policy of allowing inmates housed in segregation status only two and one-half hours of exercise per week violates the Eighth Amendment.[1] Finding McMillian's Sec. 1983 claim legally frivolous, the district court denied his request to proceed in forma pauperis (IFP) and dismissed his complaint without prejudice pursuant to 28 U.S.C. Sec. 1915(d).[2] Because we find that the district court's decision was premature, we reverse and remand.
 
 
 2
 On November 18, 1988, McMillian was sentenced to 180 days' program segregation. Over four months later, he filed an inmate complaint concerning the adequacy of exercise opportunities for inmates housed in program segregation. WCI's policy is to allow such inmates only two and one-half hours of out-of-cell exercise per week.[3] McMillian's complaint was dismissed by WCI's Superintendent. He appealed to the Corrections Administrator, who concluded that allowing inmates less than five hours of exercise per week does not violate the Eighth Amendment. McMillian then filed the instant complaint requesting to proceed IFP. Agreeing with the Administrator that allowing inmates less than five hours of exercise per week is not unconstitutional per se, the district court found McMillian's claim frivolous and dismissed the case.[4]
 
 
 3
 Although pro se pleadings are entitled to a liberal construction, see Haines v. Kerner, 404 U.S. 519 (1972), frivolous IFP claims may be dismissed by the district court sua sponte. 28 U.S.C. Sec. 1915(d). An IFP claim is frivolous "if the facts alleged rise to the level of the irrational or the wholly incredible," Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), or the claim is "based on an indisputably meritless legal theory." Nietzke v. Williams, 490 U.S. 319, 327 (1989). Examples of legally frivolous claims include those against defendants who are clearly immune from suit and those involving legal interests which clearly do not exist. Alston v. DeBruyn, No. 91-3927, slip op. at 3 (7th Cir. Jan. 5, 1994). We review the district court's dismissal under Sec. 1915(d) for abuse of discretion. Denton, 112 S.Ct. at 1734; Alston, No. 91-3927, slip op. at 4.
 
 
 4
 We conclude that the district court abused its discretion because McMillian's claim, that a policy of allowing segregation inmates only two and one-half hours of exercise per week violates the Eighth Amendment, is not indisputably meritless.[5] In Davenport v. DeRobertis, 844 F.2d 1310, 1315-16 (7th Cir.), cert. denied, 488 U.S. 908 (1988), we held that, "on an adequate record," a district judge could reasonably impose a minimum of five hours of exercise per week where a violation of the Eighth amendment had been found by a jury. In so holding, we recognized that the "failure to provide inmates (confined for more than a very short period ...) with the opportunity for at least five hours a week of exercise outside the cell raises serious constitutional concerns." Id. at 1315.
 
 
 5
 However we expressly stated in Davenport, that the holding was not meant to establish a bright-line rule under which inmates may not be denied less than five hours of exercise per week. Id. at 1316. Rather, the determination whether prison conditions violate the Eighth Amendment requires a court to consider the totality of the conditions of confinement. DeMallory v. Cullen, 855 F.2d 442, 445 (7th Cir.1988). Relevant considerations include security and feasibility as well as the length of confinement. Accordingly, in Henderson v. Lane, 979 F.2d 466, 469 (7th Cir.1992), a case involving the "circuit rider" security program, we held that there is no "clearly established" right to more than one hour of exercise per week, and therefore the defendants were entitled to qualified immunity. Id.
 
 
 6
 Under our caselaw, McMillian's claims have at least an arguable basis in law and fact. WCI's policy of allowing two and one-half hours of exercise per week is subject to constitutional review, and the record does not contain any evidence establishing the reasonableness of the limitations imposed. In the absence of such evidence, the district court abused its discretion in assuming that the policy passed constitutional scrutiny and dismissing the case as frivolous. See Alston, No. 91-3927, slip op. at 6.
 
 
 7
 Consequently, the order of the district court is VACATED and the case is REMANDED for further proceedings consistent with this opinion.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 He further claimed that prison officials conspired to deny his civil rights in violation of 42 U.S.C. Secs. 1985 and 1986; however, he has abandoned those claims on appeal
 
 
 [2]
 Actually, the district court held only that "petitioner's request to proceed in forma pauperis must be denied and dismissed without prejudice." Order at 2. Although it cited to Brekke v. Morrow, 840 F.2d 4 (7th Cir.1988), in disposing of McMillian's request for IFP, the district court neglected to follow the admonition in that case that "an order intended to terminate a litigation do[ ] so unequivocally." Id. at 6. Nevertheless, we believe its intent is clear and treat the district court's order as both a denial of IFP and a dismissal of McMillian's complaint
 
 
 [3]
 On appeal, McMillian alleges that while WCI had a policy of allowing two and one-half hours of exercise per week, he was only given one and one-half hours. Because he did not make that claim in his initial complaint, we will not consider it in reviewing the district court's dismissal of his claim
 
 
 [4]
 For reasons which are unclear, in light of the district court's ruling, McMillian's complaint was dismissed "without prejudice."
 
 
 [5]
 According to McMillian, he was prematurely released from program segregation on May 5, 1989 (he was not scheduled to be released until June 7 1989), and his inmate complaint was dismissed as moot on May 12, 1989. His current claim under Sec. 1983, however, is not moot because McMillian requests damages. Furthermore, because he argues on appeal that he has since returned to program segregation, his claim for injunctive relief may survive. See Knox v. McGinnis, 998 F.2d 1405, 1414 n. 16 (7th Cir.1993) (distinguishing Clark v. Brewer, 776 F.2d 226, 229 (8th Cir.1985))