77 F.3d 484
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert BEATTY, Plaintiff-Appellant,
v.
H. Christian DeBRUYN et al., Defendants-Appellees.
 No. 94-3241.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 20, 1996.*
Decided Feb. 21, 1996.
 
 Before PELL, FLAUM and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Robert Beatty, a state prisoner acting pro se, appeals the district court's dismissal of his civil rights suit filed under 42 U.S.C. § 1983. Beatty sued the governor of Indiana and a variety of prison officials, claiming that the conditions of his confinement in protective custody, and the failure to give him "idle pay," violated his rights under the Eighth and Fourteenth Amendments. We affirm in part, vacate and remand in part.
 
 
 2
 Beatty implies that disparate treatment of prisoners in protective custody, compared to the general prison population, violated his right to equal protection under the Fourteenth Amendment. The gist of his claim is that it is unfair for prisoners who require protective custody to be deprived of the prison jobs, outdoor exercise, access to the library, weight room, or arts and crafts room, and weekly movies which prisoners in the general population--including those against whom the segregated inmates need protection--enjoy. Such disparate treatment may indeed be "unfair" and, if conditions in protective custody are sufficiently harsh, may provide an unwelcome disincentive for inmates who believe they need protection to seek it from prison authorities. This does not, however, mean the disparate treatment is unconstitutional.
 
 
 3
 "Unequal treatment among inmates is justified if it bears a rational relation to a legitimate penal interest." Williams v. Lane, 851 F.2d 867, 881 (7th Cir.1988) (citing Hudson v. Palmer, 468 U.S. 517, 522-23). Security reasons can justify placing significantly more restrictive conditions on inmates in protective custody than on the general population. French v. Owens, 777 F.2d 1250, 1256 (7th Cir.1985), cert. denied, 479 U.S. 817 (1986). Indeed, the entire purpose of protective custody is to preserve internal order and maintain institutional security by preventing violent altercations among a population of criminals. Cf. United States v. Hernandez-Fundora, 58 F.3d 802, 806 (2d Cir.), cert. denied, 115 S.Ct. 2288 (1995). Although the restrictive conditions of such segregation undoubtedly make confinement less comfortable for the inmates affected, placing prisoners in non-punitive protective custody is consonant with the government's interest in maintaining order within the prison system. See Smith v. Shawnee Library Sys., 60 F.3d 317, 323-24 (7th Cir.1995) (noting that "sitting in a locked cell is less pleasant than getting the free run of the prison library," but "not as unpleasant as being attacked by general population inmates"). Beatty's conclusory riposte that defendants' security concerns are pretextual is insufficient to avoid Fed.R.Civ.P. 12(b)(6). Consequently, the Equal Protection claim must fail.
 
 
 4
 Beatty next complains that prison officials forced him to work without pay, failed to provide a sufficient number of prison jobs for inmates, and deprived him of "idle pay" while he was not working. Case law makes clear that prisoners have no right to a prison job, and no constitutional right to wages for work performed while incarcerated. Vanskike v. Peters, 974 F.2d 806, 809 (7th Cir.1992), cert. denied, 113 S.Ct. 1303 (1993). And if prison officials can constitutionally require inmates to work without pay, they can certainly deny prisoners pay for doing nothing.
 
 
 5
 Beatty also contends that the same conditions of which he complains under the Fourteenth Amendment violate his rights under the Eighth. They do not. See, e.g., Harris v. Fleming, 839 F.2d 1232, 1236 (7th Cir.1988) (deprivation of outdoor exercise does not raise a constitutional issue); Henderson v. Lane, 979 F.2d 466, 469 (7th Cir.1992) (limiting out-of-cell exercise to one hour per week not unconstitutional per se ); Smith v. Shawnee Library Sys., 60 F.3d at 323-24 (inmates in protective custody have no constitutional right to browse in library as long as they have meaningful access to law research materials).
 
 
 6
 Beatty, however, also alleged Eighth Amendment violations due to overcrowded conditions in the protective custody unit. He was confined, he charges, in a cell with just sixteen square feet of sleeping/living space for six months,[1] and thirty-six square feet for another two months, with minimal out-of-cell time. Defendants, he maintains, are liable because they set, maintained, and implemented the policy which led to such conditions. To be sure, the emphasis of Beatty's rambling complaint--which falls within the parameters of Fed.R.Civ.P. 8 only under the liberal construction given pro se complaints--is on the pay issue. Nonetheless, neither the defendants nor, more importantly, the district court ever addressed the allegations of overcrowding. While we make no comment on the merits of Beatty's suit, or his ability to show that defendants had the requisite state of mind, see Wilson v. Seiter, 501 U.S. 294, 301-04 (1991), we think the allegations are sufficient to state a claim.
 
 
 7
 Finally, defendants wrongly insist that the district court dismissed Beatty's claims against the two Superintendents, Governor Bayh, and Commissioner DeBruyn in their personal capacities, because they had no personal involvement in the alleged offenses. The court's memorandum and order make clear, however, that it dismissed only the official capacity suits on Eleventh Amendment grounds. Because it found no constitutional violation, the district court never decided the question of defendants' personal liability under § 1983. The district court should revisit this issue on remand. Beatty's argument that the Eleventh Amendment does not bar suit against defendants in their official capacity lacks merit.
 
 
 8
 The statute of limitations bars Beatty's claims for incidents before November 1, 1991.[2] Wilson v. Garcia, 471 U.S. 261, 275 (1985); Ind.Code § 34-2-2(1).
 
 
 9
 AFFIRMED in part, VACATED and REMANDED in part.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Although the record is not entirely clear, Beatty apparently means that he and another inmate were double-bunked in a four-by-eight foot cell. Cells of that size exist in the Protective Custody Unit at the Indiana State Prison. Lock v. Jenkins, 641 F.2d 488, 492 (7th Cir.1981)
 
 
 [2]
 Beatty filed his complaint November 3, 1993. Friday, November 1, was the last weekday prior to November 3, 1991