91 F.3d 146
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lokmar Y. ABDUL-WADOOD, Plaintiff-Appellant,
v.
Sergeant LEE, et al., Defendants-Appellees.
 No. 95-1122.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 10, 1996.[1]
Decided June 27, 1996.
 
 Before BAUER, EASTERBROOK and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 In a civil rights action filed pursuant to 42 U.S.C. § 1983, plaintiff Lokmar Yazid Abdul-Wadood,[2] a prisoner at the Maximum Control Complex (MCC) in Westville, Indiana, filed two motions for preliminary injunction demanding the return of several magazines confiscated by defendants, who are correctional officers. This court has jurisdiction pursuant to 28 U.S.C. § 1292(a)(1).[3]
 
 Motions for Preliminary Injunction
 
 2
 We need only briefly deal with the two motions for preliminary injunctions.[4] The first, filed on November 10, 1994 (R. 71), asked for the return of one issue of a sports magazine, Inside Sports, an approved subscription, which was seized on October 31, 1994, by defendant Gibson. The December 2, 1994 (R. 67) motion for preliminary injunction asked for the return of one issue of a "home entertainment magazine," Cruthfield,[5] also an approved subscription, seized on October 18, 1994 by defendant Gibson.
 
 
 3
 Abdul-Wadood clearly has not shown the requisite irreparable harm, see Storck USA v. Farley Candy Co., 14 F.3d 311, 313-14 (7th Cir.1994). His November 10, 1994 motion for a preliminary injunction states only that the "failure on the part of the defendant to show that the seizure in question is reasonably related to legitimate penal interests marks such a seizure as invalid and a blatant violation of plaintiff's First Amendment rights, thus this act constitutes irreparable injury." (R. 67). The December 2, 1994 motion merely "incorporates the same argument." (R. 71) This vague, generic statement is considerably remote from the requisite showing of irreparable injury. If Abdul-Wadood suffered any injury from the seizure of his magazines, the appropriate recompense can wait until the merits of the § 1983 suit are reached. See Henderson v. Lane, 979 F.2d 466, 467 (7th Cir.1992).
 
 
 4
 Abdul-Wadood argues that the violation of his First Amendment rights should not be minimized on the basis of the quality of the reading material. He misreads the district court's ruling as one focusing on his ultimate right to make a First Amendment claim, a dubious matter at best; the district court can properly consider the quality of the material seized as an aspect of the question of irreparable harm. Similarly, Abdul-Wadood argues that he has suffered irreparable harm because defendants have yet to state why the magazines were seized. Their reasons, however, concern a defense on the merits and have nothing to do with immediate and irreparable harm suffered by plaintiff.
 
 
 5
 Abdul-Wadood relies heavily on Sizemore v. Williford, 829 F.2d 608, 610 (7th Cir.1987). That case, however, merely discusses the principle that repeatedly withholding an inmate's non-objectionable publications can state a claim under the First Amendment claim. The case does not concern preliminary injunction standards, and thus is of no use to Abdul-Wadood in this appeal.
 
 
 6
 We find no abuse of discretion, see Storck, 14 F.3d at 314, in the district court's denial of the two motions for preliminary injunction.
 
 Prison Litigation Reform Act
 
 7
 We find the appeal frivolous because Abdul-Wadood utterly failed in both the district court and in this court to establish irreparable harm. See Smart v. Board of Trustees of the University of Illinois, 34 F.3d 432, 436 (7th Cir.1994) (appeal from denial of preliminary injunction is frivolous where plaintiff failed to establish irreparable harm; court issues rule to show cause why sanctions should not be imposed on plaintiff).
 
 
 8
 Under the recently enacted Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 § 804 (effective April 26, 1996), a prisoner is prohibited from bringing civil actions or appeals after he has brought three actions which are either frivolous, malicious, or fail to state a claim upon which relief may be granted:
 
 
 9
 In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. Id. (to be codified at 28 U.S.C. 1915(g)).
 
 
 10
 In this case, we have found that the appeal is frivolous. We hold that this counts as the first of "three or more" occasions where Abdul-Wadood "brought an ... appeal ... that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id.[6]
 
 
 11
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [2]
 Also known as Lincoln Love
 
 
 [3]
 The amended complaint sought relief in the form of a "declaratory judgment declaring that the defendants have indeed violated plaintiff's constitutional rights when they confiscated his legal papers, lawsuit, reading material, and calendar"; an injunction "directing the defendants to return all his property confiscated"; and $1,000 in compensatory, and $500 in punitive, damages from each defendant. It appears from the record before us that plaintiff has abandoned his claims as to the three seized documents listed in the amended complaint--the calendar, the legal materials, and the "reading materials" (a "human rights" newsletter)
 
 
 [4]
 Plaintiff actually filed six motions for injunctive relief. The district court ruled only on two of the preliminary injunction motions, and plaintiff does not challenge the failure to rule on the others or argue that failure to rule is in effect a denial of the motions. As far as the record shows, no ruling at all was made on the other motions, and it does not appear that anything has occurred in the district court since the court's December 27, 1994 ruling on the two preliminary injunction motions, and plaintiff's timely January 6, 1995 notice of appeal from that ruling
 
 
 [5]
 We presume this is the home entertainment catalogue named Crutchfield
 
 
 [6]
 In another decision which we release today, Abdul-Wadood earned a second "strike" under the PLRA. Abdul-Wadood v. Hawk, No. 95-3716 (7th Cir. June 27, 1996) (unpublished order)